PHILLIP A. TALBERT
Acting United States Attorney
ALYSON A. BERG
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-MC-00120-AWI |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $108,280.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On July 25, 2020, agents with the Department of Homeland Security, Homeland Security Investigations ("HSI") seized Approximately $108,280.00 in U.S. Currency (hereafter "Defendant Currency") at the Fresno Yosemite International Airport in Fresno, California.

2. HSI commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about September 21, 2020, HSI received a claim from Lotrion White asserting an ownership interest in the Defendant Currency.

3. The United States represents that it could show at a forfeiture trial that on July 25, 2020, HSI agents in Dallas, Texas executed search warrants on three pieces of luggage checked by American Airlines. Two of the bags were checked by White and found to contain large amounts of currency folded within bedsheets. The currency totaled $341,218.00. Other indicia were found within the suitcases to include bits of marijuana and five large clear plastic laundry reusable vacuum bags. A third

CONSENT JUDGMENT OF FORFEITURE

1

bag was checked by a potential travel companion of White's. Agents observed that the suitcases had the odor of marijuana on them. A fourth bag checked by White continued to Fresno, California.

4. The United States could further show that HSI agents responded to the Fresno Yosemite International Airport and encountered White and his travel companion. The travel companion gave consent to search the fourth bag of luggage however did not know the combination code to unlock the suitcase. White declared that there was only $7,000 inside the suitcase and that it was all his. White further stated that he had a total of $250,000 between all four suitcases, and which was intended to purchase a vehicle. White entered the combination and opened the suitcase. The suitcase contained a large amount of currency. The seized currency totaled $108,280.00.

5. At trial, the United States could show that White's criminal history includes multiple drug-related arrests including narcotic-related convictions for which he was incarcerated. In 1999, White was convicted of a drug offense for which he received probation. In December 2006, White was convicted of larceny in North Carolina for which he received a prison term of four months. In July and October 2006, White was convicted of felony drug trafficking and served a consecutive prison term of three and a half years. In 2015, White self-surrendered following a search warrant that resulted in the discovery of 214 marijuana plants at a known residence of White. In 2016, White and an associate of White's were arrested in Chesapeake, Virginia for the transportation of approximately 20 pounds of marijuana.

6. The United States could further show at a forfeiture trial that the Defendant Currency is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained in this stipulation, claimant Lotrion White specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant Lotrion White agrees that an adequate factual basis exists to support forfeiture of the Defendant Currency. Lotrion White hereby acknowledges that he is the sole owner of the Defendant Currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the Defendant Currency, claimant Lotrion White shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the Defendant Currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $98,280.00 of the Approximately $108,280.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $10,000.00 of the Approximately $108,280.00 in U.S. Currency shall be returned to claimant Lotrion White through his attorney, Matthew Owdom.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the Defendant Currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant Lotrion White waived the provisions of California Civil Code § 1542.

5. No portion of this stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described Defendant Currency.

IT IS SO ORDERED.

Dated: June 1, 2021

SENIOR DISTRICT JUDGE